IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---

| | | |
|---|---|---|
| IN RE: | § | |
| TILE OUTLET, INC., | § | CASE NO. 05-80340 |
| | § | ADVERSARY NO. 05-8032 |
| Debtor. | § | |

---

| | | |
|---|---|---|
| TILE OUTLET, INC. and | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Appellants, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1398 |
| | § | CIVIL ACTION NO. H-06-1400 |
| OFFICIAL COMMITTEE OF | § | |
| UNSECURED CREDITORS OF TILE | § | |
| OUTLET, | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Appellants, Tile Outlet, Inc. and JPMorgan Chase Bank, N.A., appeal the Bankruptcy Court's March 27, 2006, decision in Adversary Action No. 05-8032, granting the Official Committee of Unsecured Creditors of Tile Outlet (the "Committee") standing to pursue causes of action on behalf of the bankruptcy estate. Pending before the court are the Committee's Motion to Dismiss Appeals and Tax Costs (Docket Entry No. 2), JPMorgan Chase Bank, N.A.'s Response to the Committee's Motion to Dismiss Appeals and Tax Costs (Docket Entry No. 6), Tile Outlet, Inc.'s Response to Appellee's

Motion to Dismiss Appeals and Tax Costs (Docket Entry No. 7) and the Committee's Reply to Responses to Motion to Dismiss Appeals and Tax Costs (Docket Entry No. 8).  For the reasons explained below the Committee's Motion to Dismiss Appeals and Tax Costs will be granted.

## I.  Factual and Procedural Background

On February 4, 2005, Tile Outlet, Inc. ("Tile Outlet" or "debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.[1]  Alan Miller ("Miller"), the president of Tile Outlet, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 29, 2005.[2]  On July 13, 2005, the Bankruptcy Court granted the motion of Tile Outlet and Alan Miller for joint administration of the two cases.[3]

On the day it filed for bankruptcy, Tile Outlet also filed a motion to use cash collateral because JPMorgan Chase, N.A. ("JPMorgan Chase")[4] had outstanding loans to Tile Outlet on a revolving line of credit and a secured loan on many of Tile

---

[1]Docket Entry No. 1 in Bankruptcy Case No. 05-80340.

[2]Docket Entry No. 1 in Bankruptcy Case No. 05-36681.

[3]Docket Entry No. 147 in Bankruptcy Case No. 05-80340; Docket Entry No. 20 in Bankruptcy Case No. 05-36681.

[4]Bank One, N.A. made the initial loan.  Bank One, N.A. is now known as JPMorgan Chase.  Because JPMorgan Chase, not Bank One, N.A., filed the appeal in this case, the court will refer to the bank as JPMorgan Chase throughout this opinion for the sake of clarity.

Outlet's assets.[5]   The Committee initially filed an objection to the use of cash collateral, but eventually became party to an agreed order that reserved its right to challenge the validity, priority, or amount of JPMorgan Chase's lien on or before June 1, 2005.[6]

The Committee filed a Complaint To Avoid Fraudulent Transfers in Adversary No. 05-8032 on May 31, 2005, asserting that Tile Outlet fraudulently guaranteed a debt Miller owed to JPMorgan Chase.[7]   Miller had taken out a personal loan for $600,000 from JPMorgan Chase that was guaranteed and secured by assets of Tile Outlet.[8]   The purpose of the loan was for Miller to buy out his partner, David Tinsley's, fifty-percent share of Tile Outlet.[9]   The Committee alleged that the lien on Tile Outlet's assets was made while the debtor was insolvent and that the debtor did not receive reasonably equivalent value for the lien, rendering the encumbrance on Tile Outlet's assets a fraudulent transfer.[10]   The Committee

---

[5]Docket Entry No. 4 in Bankruptcy Case No. 05-80340.

[6]Docket Entry No. 89 in Bankruptcy Case No. 05-80340.

[7]Docket Entry No. 105 in Bankruptcy Case No. 05-80340; Docket Entry No. 1 in Adversary No. 05-8032 in Bankruptcy Case No 05-80340.

[8]Docket Entry No. 105, p. 3, in Bankruptcy Case No. 05-80340.

[9]Id.

[10]Id. at pp. 3-4.

sought to avoid the transfer and disallow JPMorgan Chase's claim pursuant to 11 U.S.C. §§ 550, 551, 548(a)(1)(A), and 502(d).[11]

JPMorgan Chase moved to dismiss the complaint arguing among other things that the Committee lacked standing to pursue the action.[12]  The Bankruptcy Court granted JPMorgan Chase's motion, holding that the Committee lacked standing because it had not sought or obtained authority pursuant to <u>Louisiana World Exposition v. Federal Ins. Co.</u>, 858 F.2d 233 (5th Cir. 1988), to bring the cause of action on behalf of the bankruptcy estate.[13]  The Bankruptcy Court's order granted the dismissal "without prejudice to the filing by the Plaintiff [JPMorgan Chase], in the above captioned Chapter 11 case, with notice to all creditors and parties in interest, of a motion seeking authority to bring causes of action on behalf of the bankruptcy estate."[14]

On December 9, 2005, the Committee filed a Motion for Authority to Bring Causes of Action on Behalf of the Estate seeking authority to sue on behalf of the bankruptcy estate for several

---

[11]<u>Id.</u> at pp. 3-5.

[12]Docket Entry No. 5, Adversary No. 05-8032 in Bankruptcy Case No. 05-80340.

[13]Docket Entry No. 16, Adversary No. 05-8032 in Bankruptcy Case No. 05-80340.

[14]Docket Entry No. 15, Adversary No. 05-8032 in Bankruptcy Case No. 05-80340.

-4-

causes of action, including fraudulent transfer.[15]  JPMorgan Chase argued against the motion on several grounds, including an assertion that the claims were barred by the passing of the June 1, 2005, deadline contained in the court's cash collateral order.[16] The Bankruptcy Court rejected this argument, finding that the Committee met the deadline by bringing Adversary No. 05-8032 on May 31, 2005, and was prevented from pursuing its causes of action only because it had not yet sought the Bankruptcy Court's permission to do so.[17]  After rejecting JPMorgan Chase's other arguments, the Bankruptcy Court permitted revival of the causes of action in Adversary No. 05-8032.[18]  It entered an order giving the Committee the authority to pursue causes of action on behalf of the bankruptcy estate.[19]

JPMorgan Chase and Tile Outlet filed a notice of appeal from the Bankruptcy Court's decision.[20]  JPMorgan Chase and Tile Outlet appeal the Bankruptcy Court's grant of authority to the Committee

---

[15]Docket Entry No. 197 in Bankruptcy Case No. 05-80340.  The Committee's Motion sought permission to sue David Tinsley, Miller, and JPMorgan Chase.

[16]Docket Entry No. 201 in Bankruptcy Case No. 05-80340.

[17]Docket Entry No. 237 in Bankruptcy Case No. 05-80340.

[18]Id.

[19]Docket Entry No. 236 in Bankruptcy Case No. 05-80340; Docket Entry No. 17, Adversary No. 05-8032 in Bankruptcy Case No. 05-80340.

[20]Docket Entry No. 242 in Bankruptcy Case No. 05-80340 (JPMorgan Chase Notice of Appeal); Docket Entry No. 244 in Bankruptcy Case No. 05-80340 (Tile Outlet Notice of Appeal).

to pursue causes of action on behalf of the estate, as well as the

Bankruptcy Court's jurisdiction to reopen Adversary No. 05-8032.

JPMorgan Chase raises the following issues for appeal:

> 1.   Is the Committee's claim "colorable" given the running of the prior agreed limitations period pursuant to the cash collateral order?
>
> 2.   Was the Debtor's refusal to prosecute the claim justified?
>
> 3.   Is the Committee's claim barred by limitations?
>
> 4.   Can the Bankruptcy Court reopen an adversary proceeding previously dismissed by final order?
>
> 5.   Does the Bankruptcy Court have jurisdiction to reopen the adversary proceeding?
>
> 6.   Was the relief granted by the Bankruptcy Court greater than that requested by the Committee?[21]

Tile Outlet raises issues two, four, five, and six, and in

addition raises the following two issues:

> 1.   Did the Bankruptcy Court err by failing to consider the Appellant's reasons not to pursue the purported causes of action in determining whether colorable claims exist, and/or whether the Appellant unjustifiably refused to pursue the purported causes of action?
>
> 2.   Did the Bankruptcy court err by holding that colorable claims exist?[22]

This court consolidated the two appeals on May 1, 2006.

---

[21]Docket Entry No. 256 in Bankruptcy Case No. 05-80340.

[22]Docket Entry No. 260 in Bankruptcy Case No. 05-80340.

## II.   **Standard of Review**

A district court reviews a bankruptcy court's decision under the same standard of review that a court of appeals applies to a district court judgment.   See 28 U.S.C. § 158(c)(2).   The court reviews the Bankruptcy Court's findings of fact for clear error and its legal conclusions and mixed questions of law and fact under a de novo standard of review.   Universal Seismic Assocs., Inc. v. Harris County (In re Universal Seismic Associates, Inc.), 288 F.3d 205, 207 (5th Cir. 2002).

Under the de novo standard of review this court is required "to make a judgment independent of the bankruptcy court's without deference to that court's analysis and conclusions." Lawler v. Guild, Hagen & Clark, Ltd. (In re Lawler), 106 B.R. 943, 952 (N.D. Tex. 1989).

## III.   **Motion to Dismiss**

### A.   **Final Order**

The Committee moves to dismiss the appeal, arguing that the case is not ripe for appeal because the order granting it authority to pursue actions on behalf of the bankruptcy estate is not final, and is not an appealable collateral order.[23]

This court has jurisdiction to hear appeals:

(1)  from final judgments, orders, and decrees;

---

[23]Motion to Dismiss Appeals and Costs, Docket Entry No. 2.

-7-

(2)   from interlocutory orders and decrees issued under
section 1121(d) of title 11 increasing or reducing
the time periods referred to in section 1121 of
such title; and

(3)   with leave of the court, from other interlocutory
orders and decrees.

28 U.S.C. § 158(a).

To be considered final "an appealed bankruptcy order must constitute either 'a final determination of the rights of the parties to secure the relief they seek' or a final disposition 'of a discrete dispute within the larger bankruptcy case[.]'"  <u>Bartee v. Tara Colony Homeowners Assoc. (In re Bartee)</u>, 212 F.3d 277, 282 (5th Cir. 2000) (quoting <u>In re Orr</u>, 189 F.3d 656, 659 (5th Cir. 1999)).  The threshold for meeting the "final judgments, orders, and decrees" under 28 U.S.C. § 158(a) is thus lower than the appealability standard under 28 U.S.C. § 1291.  <u>Orr</u>, 180 F.3d at 659.

Courts view finality for purposes of appellate jurisdiction more flexibly in the context of bankruptcy cases than ordinary civil proceedings.  <u>Moody v. Seaside Lines (In re Moody)</u>, 825 F.2d 81, 85 (5th Cir. 1987).  A separate adversary proceeding within the framework of the overall bankruptcy case is a judicial unit for determining finality under section 158(a).  <u>Id.</u>

Even though an adversary proceeding is considered a separate judicial unit, for a decision or order to be final it must be one that "ends the litigation . . . and leaves nothing for the court to do but execute the judgment."  <u>Id.</u> (quoting <u>Coopers & Lybrand v.</u>

-8-

Livesay, 98 S.Ct. 2454, 2457 (1978)).   There must be "a final determination of the rights of the parties to secure the relief they seek in this suit." Id. (quoting County Management, Inc. v. Kriegel (In re Country Management, Inc.), 788 F.2d 311, 313 (5th Cir. 1986)).  Orders that "constitute only a preliminary step in some phase of the bankruptcy proceedings and that do not directly affect the disposition of the estate's assets [are] interlocutory and not appealable."   Path-Science Lab., Inc. v. Greene County Hosp. (In re Greene County Hosp.), 835 F.2d 589, 595 (5th Cir. 1988) (quoting Foster Securities, Inc. v. Sandoz (In re Delta Services Industries), 782 F.2d 1267, 1270-71 (5th Cir. 1986)).

Although both Tile Outlet and JPMorgan Chase raise a number of issues on appeal, the appealability of these issues revolves around the question of whether the Bankruptcy Court's Order of March 27, 2006, granting the Committee the authority to pursue claims on behalf of the estate, was final.

Appellees make a distinction between the Bankruptcy Court's order reopening Adversary No. 05-8032 and the Bankruptcy Court's order granting the Committee authority to pursue actions on behalf of the estate.  JPMorgan Chase attempts to avoid the Committee's Motion to Dismiss by arguing that this court does have jurisdiction to review the Bankruptcy Court's reopening of Adversary No. 05-8032, which it claims was beyond the Bankruptcy Court's jurisdictional mandate.

-9-

JPMorgan Chase argues that the Bankruptcy Court's order dismissing the Committee's initial complaint in Adversary No. 05-8032 was a final order, and the Bankruptcy Court lost jurisdiction over the matter when the 10-day period for appeal expired.[24] JPMorgan Chase further argues that the Committee cannot now seek to avoid the transfer because the bar date of June 1, 2005, contained in the Cash Collateral Order has passed.[25]

The court notes that the Bankruptcy Court's initial dismissal of Adversary No. 05-8032 was granted "without prejudice to the filing by the Plaintiff [JPMorgan Chase], in the above captioned Chapter 11 case, with notice to all creditors and parties in interest, of a motion seeking authority to bring causes of action on behalf of the bankruptcy estate."[26]  It is likely that this express reservation of the Committee's right to refile rendered the decision in Adversary No. 05-8032 a non-final decision.  See Jung v. K & D Mining Co., 78 S.Ct. 764, 765 (1958) (holding that an order by the district court granting defendant's motion to dismiss with leave to amend was not a final appealable order because "[i]t did not direct 'that all relief be denied' . . . but left the suit pending for further proceedings").  But more importantly, the Fifth Circuit has held that a Bankruptcy Court's refusal to dismiss for

---

[24]JPMorgan Chase's Response to the Committee's Motion to Dismiss (JPMorgan Chase's Response), Docket Entry No. 6, pp. 6-11.

[25]Id.

[26]Docket Entry No. 15, Adversary No. 05-8032 in Bankruptcy Case No. 05-80340.

lack of subject matter jurisdiction is not a final order.  Greene,
835 F.2d at 595.   Thus, the appellants cannot use the Bankruptcy
Court's ruling that it had jurisdiction to reopen Adversary No. 05-
8032 as a springboard for appellate review.

Having determined that the Bankruptcy Court's decision to
reopen Adversary No. 05-8032 is not a final order, the court must
now determine if the Bankruptcy Court's order granting the
Committee authority to bring causes of action on behalf of the
bankruptcy estate is a final order within the meaning of 28 U.S.C.
§ 158(a).

Tile Outlet attempts to couch the March 27, 2006, order in
final terms by arguing that "it completely resolved the issue of
whether the Committee should be granted standing to pursue certain
purported avoidance actions on behalf of the Debtor."[27]   While in
the strictest sense this is true, it misses the point.   "In order
to be final in character, an order by a bankruptcy court must
resolve a discrete judicial unit in the larger case."  Greene, 835
F.2d at 595.  The issue of whether the Committee has standing is
not the discrete judicial unit.   Adversary No. 05-8032 is the
discrete judicial unit.  Although the Bankruptcy Court has granted
the Committee the authority to proceed with the adversary action
against JPMorgan Chase, it has not yet determined whether the

---

[27]Tile Outlet's Response to Appellee's Motion to Dismiss
Appeals and Tax Costs, Docket Entry No. 7, p. 4.

Committee will prevail on its causes of action against Miller, JPMorgan Chase, or David Tinsley.

The Committee's action is still in a preliminary stage. Appellants have not cited, nor has the court found, any case holding that the grant of authority to sue on behalf of the estate pursuant to Louisiana World Exposition v. Federal Ins. Co., 858 F.2d 233 (5th Cir. 1988), is an appealable final order. The types of order that are considered final are illustrated by the following examples, all of which were held to be final orders: the bankruptcy court's recognition of a creditor's security interest, ITT Diversified Credit Corp. v. Lift & Equipment Serv., Inc. (In re Lift & Equipment Serv., Inc.), 816 F.2d 1013, 1015-16 (5th Cir. 1987); the bankruptcy court's order to turn over an antique coin, Moody, 817 F.2d at 367-68; and the bankruptcy court's denial of an objection to a debtor's claim of exemption, Canfield v. Orso (In re Orso), 283 F.3d 686, 690 (5th Cir. 2002).

In addition, the Fifth Circuit has held that an order by the Bankruptcy Court granting a motion to set aside a fraudulent transfer and ordering the return of property to the bankruptcy estate was final and appealable. Simpson v. Penner (In re Simpson), 36 F.3d 450, 452 (5th Cir. 1994). Simpson and the other examples listed involve actions by the Bankruptcy Court that fully resolve the discrete issue, leaving little but ministerial actions to implement the decision. The Bankruptcy Court's grant of authority to the Committee is of a different character.

The decision to allow the Committee to pursue causes of action on behalf of the estate does not end the litigation and leave

nothing for the Bankruptcy Court to do but execute the judgment. See Moody, 825 F.2d at 85 n.3.  The purpose of the final judgment rule is to prevent piecemeal litigation, conserve judicial energy, and eliminate delays in interlocutory appeals.  Catlin v. United States, 65 S.Ct. 631, 634 (1945).  A finding that the Bankruptcy Court's decision was final would not further the aims of the rule, in particular that of preventing piecemeal litigation. Were the court to decide in favor of appellees the case could come back to this court when the suits against JPMorgan Chase, Miller, and David Tinsley have been fully litigated.

The court thus concludes that the Bankruptcy Court's grant of authority to the Committee to pursue causes of action on behalf of the estate is neither "'a final determination of the rights of the parties to secure the relief they seek' or a final disposition 'of a discrete dispute within the larger bankruptcy case[.]'" Bartee, 212 F.3d at 282 (quoting Orr, 180 F.3d at 659).  Therefore, the Bankruptcy Court's March 27, 2006, Order granting the Committee's motion for authority to bring causes of action on behalf of the estate was not a final order within the meaning of 28 U.S.C. § 158(a).

## B.   Collateral Order Doctrine

Tile Outlet argues that the Bankruptcy Court's order granting the Committee standing is ripe for immediate appeal under the collateral order doctrine.  This narrow exception to the final judgment rule allows appeal of a decision that does not end the

-13-

litigation if the decision (1) conclusively determines a disputed issue (2) that is completely separate from the merits of the action, (3) is effectively unreviewable on appeal from a final judgment, (4) and is too important to be denied review. Quackenbush v. Allstate Ins. Co., 116 S.Ct. 1712, 1718-19 (1996). "These conditions are conjunctive:  failure of any one results in the failure of jurisdiction." Aegis Specialty Mktg. Inc. v. Ferlita (In re Aegis Specialty Mktg. Inc. of Alabama), 68 F.3d 919, 922 (5th Cir. 1995) (citing Aucoin v. Southern Ins. Facilities Liquidating Corp. (In re Aucoin), 35 F.3d 167, 170 (5th Cir. 1994)).

Several circuit courts of appeals have found that an order denying a motion to dismiss for lack of standing does not meet all of the requirements of the collateral order doctrine.  See, e.g., Lewis v. New Mexico Dept. of Health, 261 F.3d 970, 975 n.1 (10th Cir. 2001); Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1334 (11th Cir. 1999); Triad Assocs., Inc. v. Robinson, 10 F.3d 492, 496-97 n.2 (7th Cir. 1993).

The courts in Lewis, Summit, and Triad found such orders do not fall under the collateral order doctrine because they are reviewable on appeal, and thus do not meet the third prong of the test.  Tile Outlet points out that it is not a party to Adversary No. 05-8032 and, thus, cannot appeal an adverse final judgment by the Bankruptcy Court.  While this arguably gets Tile Outlet past the third prong of the test, the second prong is still unmet.

-14-

The Fifth Circuit has held that a district court's standing determination was unreviewable based on the second prong of the collateral order test.  <u>Shanks v. City of Dallas</u>, 752 F.2d 1092, 1099 n.9 (5th Cir. 1985).  In <u>Shanks</u> the plaintiffs sought interlocutory review of a district court order denying class certification.  <u>Id.</u> at 1093.  The court, in addition to finding the case inappropriate for interlocutory review, found that an order denying class certification did not fall within the collateral order exception.  <u>Id.</u> at 1098-99.  The court held that examining the standing of plaintiffs would not resolve an issue completely separate from the merits of the action because "to seek equitable relief would quite clearly involve considerations that are enmeshed in the legal issues surrounding their cause of action."  <u>Id.</u> at 1099 n.9.

In this case the Bankruptcy Court's decision to grant standing was guided by <u>Louisiana World</u>, which stated that in determining whether a committee can sue on behalf of the bankruptcy estate courts generally require that the cause of action is colorable, the debtor-in-possession has unjustifiably refused to pursue it, and the committee has first received leave to sue from the bankruptcy court.  <u>Louisiana World</u>, 858 F.2d at 247.  In deciding whether to grant standing, therefore, the Bankruptcy Court had to delve into the merits of the action to determine if the cause of action is colorable.

-15-

Delving into the claim to determine if it is colorable would "clearly involve considerations that are enmeshed in the legal issues" surrounding Adversary No. 05-8032.  See Shanks, 752 F.2d at 1099 n.9.  This inquiry is not completely separate from the merits of the action, and, thus, appellants have failed to meet the second prong of the collateral order test.  Accordingly, the court concludes that the collateral order doctrine does not render this case ripe for appeal.

## C.   **Leave to Appeal**

Both appellees, in the alternative, move for leave to appeal the Bankruptcy Court's order granting standing under Federal Rule of Bankruptcy Procedure 8003.  A district court has discretion to hear an interlocutory appeal from a bankruptcy court.  28 U.S.C. § 158(a).  See also Andrews & Kurth L.L.P. v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.), 157 F.3d 414, 420 (5th Cir. 1998).  The Fifth Circuit has not definitively decided whether the criteria of 28 U.S.C. § 1292(b), which governs appeals for interlocutory orders from district court orders to courts of appeals, is applicable to interlocutory appeals under § 158(a), but it has recognized that most lower courts use this standard.  See Ichinose v. Homer National Bank (In re Ichinose), 946 F.2d 1169, 1176-77 (5th Cir. 1991).

This court, like most lower courts, will look to the § 1292 test, which permits appeal of an interlocutory order when (1) it

-16-

involves a controlling issue of law, (2) presents a question upon which there is a substantial ground for difference of opinion, and (3) an immediate appeal of the order materially advances the ultimate termination of the litigation.  Id. at 1177.  JPMorgan Chase moves for leave to appeal, but devotes only one sentence to arguing that the jurisdictional issues it addresses in its appeal "were timely filed and raise serious questions."[28]  Tile Outlet does not provide any substantive argument, but instead requests further time to brief its motion for leave to appeal.[29]  The Committee counters by arguing that there is no controlling issue of law because the legal issues in the appeal are factual and deal with a small minority of Chapter 11 bankruptcy cases.[30]

The court agrees with the Committee that the issue presented on appeal is a fact-based inquiry that does not involve a controlling issue of law.  The Bankruptcy Court's decision to grant standing to the Committee is based, as noted earlier, on whether the claim is colorable and the debtor unjustifiably refused to pursue it.   These are both factual inquiries informed by established precedent.   Therefore, the court declines to use its discretion to hear an interlocutory appeal on this matter.[31]

---

[28]JPMorgan Chase's Response, Docket Entry No. 6, p. 12.

[29]Tile Outlet's Response, Docket Entry No. 7, p. 7.

[30]Committee's Reply to Responses, Docket Entry No. 8, pp. 4-6.

[31]The court finds it unnecessary to consider further briefing on this matter, and, therefore, Tile Outlet's unsupported request
(continued...)

-17-

**D.    Taxes and Costs**

Costs for this appeal will be taxed equally against JPMorgan Chase and Tile Outlet pursuant to Federal Bankruptcy Rule of Procedure 8014 (stating that "[e]xcept as otherwise provided by law, agreed to by the parties, or ordered by the district court . . . costs shall be taxed against the losing party on appeal").

**IV.   Conclusions and Order**

For the reasons explained above, the court finds that it does not have jurisdiction to hear this appeal.  Accordingly, the Committee's Motion to Dismiss Appeals and Tax Costs (Docket Entry No. 2) is **GRANTED**.

**SIGNED** at Houston, Texas, on this the 16th day of June, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[31](...continued)
for further time to brief its motion for leave to appeal is denied.